Arnold Becker, J.
LeRoy R. Jenning, of Mahwah, New Jersey was charged by an information filed in Police Court, Spring Valley, by the Spring Valley Police Department with operating a New Jersey registered vehicle on the highways of the State of New York, without it being insured as required by the compulsory insurance law and in violation of section 319 of the Vehicle and Traffic Law, a misdemeanor.
There are two questions before the court. The first is whether a nonresident driver of a vehicle registered in a foreign State is guilty of a misdemeanor by operating the foreign registered vehicle on the highways of the State of New York without insurance. The second question is whether the compulsory insurance law requires a vehicle registered in a foreign State to be insured before it can be operated on the highways of the State of New York.
*2 Section 319 of the Vehicle and Traffic Law was passed by the State Legislature in 1959 and became effective October 1, 1960. It is derived from former section 93-i of the Vehicle and Traffic Law which was added to the Vehicle and Traffic Law in 1956.
There are apparently no reported cases under this section. Section 319 of the Vehicle and Traffic Law reads: “ Any owner of a motor vehicle registered in this state, or an unregistered motor vehicle, who shall operate such motor vehicle or permit it to be operated in this state without having in full force and effect the financial security required by the provisions of this chapter and any other person who shall operate in this state any motor vehicle registered in this state, or an unregistered motor vehicle, with the knowledge that the owner thereof does not have in full force and effect such proof of financial security, except a person who, at the time of operation of such motor vehicle, had in effect an operator’s policy of liability insurance, as defined in section three hundred eighteen, with respect to his operation of such vehicle shall be guilty of a misdemeanor and upon conviction may be fined not less than one hundred dollars or more than one thousand dollars or may be imprisoned for not more than one year or both. ’ ’
Under the provisions of section 319 of the Vehicle and Traffic Law, it would seem to be a misdemeanor for any person to operate, or permit the operation of a motor vehicle registered in this State or any unregistered motor vehicle, without having insurance. On the reading of section 319, it covers only two classes of vehicles (A) motor vehicles registered in this State or (B) any unregistered motor vehicle. In this matter we have a nonresident driver of a vehicle registered in a foreign State. The vehicle does not fit into either of the above-mentioned categories. It is neither a motor vehicle registered in this State, nor an unregistered motor vehicle. It would follow, that there is no criminal offense in operating a motor vehicle registered in another State, on the public highways of the State of New York without having insurance.
On reading all the sections of the compulsory insurance law, it, in effect, requires every motor vehicle to be insured before it is operated on the public highways of the State of New York. 'However, the results of uninsured operation differ, depending on whether or not the vehicle is registered in this State or in another State. Under section 318 (subd. 4, par. [a]) of the Vehicle and Traffic Law the penalty imposed for operating an uninsured vehicle registered in a foreign State is revocation of a nonresident driving privilege by the Commissioner of Motor Vehicles, who takes such action upon receiving evidence that a *3 vehicle registered in another State has been driven here without insurance. This however is not a criminal penalty, and not within the jurisdiction of this court, but strictly within the jurisdiction of the Commissioner of Motor Vehicles.
On the basis of the foregoing, the information is dismissed. It is so ordered.